# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ROBBIE DAVID BROWN-HERNANDEZ,**

**Plaintiff,**

**v.**                                        **Case No.  8:05-cv-1210-T-30TBM**
                                           **(Crim. Case No. 8:04-cr-246-T-30TBM-2)**

**UNITED STATES OF AMERICA,**

**Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to vacate, set aside or correct sentence (CV Dkt. #1) filed on June 27, 2005, which this Court construes as a motion for out of time appeal.  The Court has undertaken a prompt preliminary review of the motion and memorandum in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Court.  After doing so, the Court concludes that Plaintiff's sole request for relief is for leave of Court to file an out of time appeal.  Accordingly, the Court finds that the Plaintiff's motion should be granted in part and denied in part.

## I.    Background.

Plaintiff was indicted by a federal grand jury for the following offenses while aboard a vessel subject to the jurisdiction of the United States, with the Middle District of Florida being the place at which Plaintiff first entered the United States: Count I - Plaintiff

_____

[1] See case number 8:04-cr-246-T-30TBM-2.

knowingly and willfully conspired and agreed with other persons to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 46 Appendix, U.S.C., Section 1903(a) in violation of Title 46 Appendix, U.S.C., Sections 1903(g), and (j) and Title 21, U.S.C., Section 960(b)(1)(B)(ii); and Count II - Plaintiff knowingly and willfully possessed with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46 Appendix, U.S.C., Section 1903(a) and (g) and Title 21, U.S.C., Section 960(b)(1)(B)(ii).[2]

Plaintiff pled guilty to Count I pursuant to a Plea Agreement containing a waiver of appeal provision.[3] Plaintiff's plea of guilty as to Count I of the Indictment was accepted by the Court.[4] Subsequently, the Government voluntarily dismissed Count II of the Indictment.

On November 23, 2004, prior to Plaintiff's sentencing hearing, Plaintiff's trial counsel, Kyle Pennington, filed an Amended Motion to withdraw as attorney for appellate purposes.[5] On December 10, 2004, this Court sentenced Plaintiff to 135 months imprisonment, $0 fine, a term of supervised release of 60 months and a special assessment

---

[2] See CR Dkt. #36.

[3] See CR Dkt. #62.

[4] See CR Dkt. #78.

[5] See CR Dkt. #113.

of $100.[6]   On December 14, 2006, this Court entered the Judgment against Plaintiff.[7] Subsequent to the entry of the Judgment against Plaintiff, on December 22, 2004, an Endorsed Order was entered granting Mr. Pennington's Amended Motion to Withdraw as counsel for appellate purposes.[8]

On April 25, 2005, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit regarding the sentence and judgment entered against him..[9] On May 23, 2005, Plaintiff filed a Motion to Appoint Counsel and Motion for Leave to Appeal in *forma pauperis.*[10] Plaintiff did not file the appropriate forms or affidavit to support his in *forma pauperis* request.   On May 31, 2005, the Eleventh Circuit entered an order dismissing the appeal, *sua sponte*, for lack of jurisdiction.  The Eleventh Circuit found that Plaintiff's Notice of Appeal was untimely filed.[11]   Plaintiff did not challenge the Eleventh Circuit's denial of his appeal and now seeks collateral relief under § 2255.

On July 12, 2005, after the Eleventh Circuit entered its order dismissing Plaintiff's Notice of Appeal and after Plaintiff filed this motion to vacate, a Notice of Appearance was

---

[6] See CR Dkt. #117.

[7] See CR Dkt. #120.

[8] See CR Dkt. #124.

[9] See CR Dkt. #167.

[10] See CR Dkts. #176 and #177.

[11] See CR Dkt. #179.

filed within these proceedings by Daniel F. Daly on behalf of Plaintiff.[12]  Additionally, Mr.

Daly filed a Memorandum of Law in support of this motion.[13]

## II.    Motion for Out of Time Appeal.

Plaintiff argues that he is entitled to file an out of time appeal because the District

Court failed to appoint successor counsel upon the withdrawal of Plaintiff's trial counsel.

From a review of the record it is clear that Plaintiff's trial counsel filed an Amended Motion

to Withdraw as attorney for appellate purposes prior to Plaintiff's sentencing hearing.  The

motion to withdraw was granted by the District Court eight (8) days after the entry of the

Judgment against Plaintiff.  Typically, the District Court will appoint successor counsel for

a defendant upon withdrawal of defendant's counsel prior to appeal.  However, in this case

the District Court did not do so which may have affected Plaintiff's ability to file a timely

appeal.  As a result, this Court finds that the only relief to which Plaintiff may be entitled,

if any, is to be allowed to file an out of time appeal to the Eleventh Circuit Court of Appeals

as to the judgment entered against him on December 14, 2004.

It appears that Plaintiff has recently retained legal counsel.  On July 12, 2005, a Notice

of  Appearance  (CV Dkt. # 3)  was  filed  by  Daniel  F.  Daly  on  behalf  of  Plaintiff.

Accordingly, it appears that Mr. Daly is available to assist Plaintiff in filing an out of time

appeal, if necessary.  In the event that is not the case, Mr. Daly is directed to timely file the

---

[12] See CV Dkt. #3.

[13] See CV Dkt. #5.

Notice of Appeal and the Plaintiff is directed to re-file his request for appointment of counsel.

## III.   Futility of Appeal.

Thus far, Plaintiff has not pled any probable grounds for relief on appeal.  Further, this Court finds that Plaintiff has not been prejudiced by the District Court's previous oversight in not appointing successor appellate counsel on behalf of the Plaintiff because an appeal by Plaintiff to the Eleventh Circuit Court of Appeals appears to be futile.  The record conclusively establishes that Plaintiff knowingly and voluntarily waived his right to appeal his sentence and judgment in his Plea Agreement.  Plaintiff's Plea Agreement states, in pertinent part:

> "[T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines..."[14]

Additionally, on August 24, 2004, Plaintiff ratified and acknowledged his understanding of such waiver during his Change of Plea Hearing held before Judge Thomas B. McCoun III.[15] Judge McCoun explained to him in length the meaning and consequences of the appeal waiver

---

[14] CR Dkt. #62, Section B, Paragraph 5.

[15] See CR Dkt. #188, Transcript of Change of Plea Hearing as to Edison Artman-Brown and Robbie David Brown-Hernandez.

provision contained in the Plea Agreement.[16]  Further, Judge McCoun explained to Plaintiff that he would not be able to appeal his sentence except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines.  Plaintiff clearly acknowledged that he was waiving his right to appeal.

There is no evidence in the record of, nor has Plaintiff pled, an error in this Court's sentence as to Plaintiff.  Thus, because this Court's sentence did not implicate any of the provisions relieving Plaintiff of his appeal waiver, and because Plaintiff expressly waived his right to appeal, he had no right to appeal in the first instance.  See Moore v. United States, 2005 WL 2397817, *2 (S.D. Ga. 2005), citing Montemoino v. United States, 68 F. 3d 416, 417 (11th Cir. 1995).  "A defendant's waiver of the right to appeal 'directly or collaterally' encompasses his right to challenge his sentence in a section 2255 proceeding."  Grueso v. United States, 2005 WL 2387613, *3 (M.D. Fla. 2005).  Plaintiff's broad appeal waiver, stated herein, covered all grounds for appeal or collateral attack except for a sentence exceeding the statutory maximum or an upward departure from the range prescribed by the guidelines.  Plaintiff has not argued in his motion that the Court exceeded that statutory maximum or upwardly departed from the applicable guideline range at sentencing nor is there any evidence in the record to support such a claim.

---

[16] See CR Dkt. #188, Transcript of Change of Plea Hearing, Page 25, Line 21 through Page 27, Line 16.

Under these circumstances, had counsel (Pennington, successor counsel or Daly) filed a timely direct appeal with the United States Court of Appeals for the Eleventh Circuit, it appears it would have been a futile gesture because the appeal would have been dismissed on motion by the Government based on the appeal waiver contained in Plaintiff's Plea Agreement.  See United States v. Buchanan, 131 F. 3d 1005 (11th Cir 1997).  "It is not ineffective assistance of counsel to not make an obviously meritless argument." U.S. v. Roquemore, 934 F. Supp. 1391, 1395 (M.D. Ga. 1996).

It is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion to vacate, set aside or correct sentence (CV Dkt. #1), which this Court construes as a motion for out of time appeal is GRANTED IN PART AND DENIED IN PART.

2.      Plaintiff's request to file an out of time appeal is GRANTED.  Plaintiff shall have fifteen (15) days from the entry of this order to file an out of time appeal with the United States Court of Appeals for the Eleventh Circuit.

3.      Plaintiff's request that this Court appoint appellate counsel for Plaintiff and for leave to appeal in *forma pauperis* is DENIED based on Plaintiff's apparent ability to retain counsel in these proceedings.

4.      The Clerk is directed to send to Plaintiff the forms necessary to request permission to proceed in *forma pauperis* in the event Plaintiff wishes to seek in *forma pauperis* status in the future.

5.     The Clerk is also directed to terminate from pending status the motion to appoint counsel (CR Dkt. #176), the motion for leave to appeal in *forma pauperis* (CR Dkt. #177) and the motion to vacate (CR Dkt. #181) in the underlying criminal case, case number 8:04-cr-246-JSM-TBM-2.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2005\05-cv-1210.orderoutoftimeappeal.frm